Ruffin, J.
delivered the opinion of the Court.
*255 We have looked into the Act of Assembly stated in J this case and sundry others of a similar nature, and the result is, that we think the exemptions therein meant are from serving as Jurors of the original pannel—such ex* emptions are not intended as privileges, or a compensa* tion to the party, unless where it is expressly so stated, aá in the Act of Assembly 1794, Ch. 4, in favor of patrols-— But the purpose of the Legislature is to forward and pro* mote public advantage, by leaving officers, physicians, and others, to exercise their employments without interrup* tion—so far, therefore, as serving on a Jury does not interfere with their public avocations, they are still liable to be called on for that Services But inasmuch as no one can be summoned as a talesman, but a bystander at the Court, no inconvenience can result to the community from compelling a person to serve in that capacity» Because the very fact of his being a bystander, proves that he has then no official or professional engagements which require his attention. If, however, such duties should occur, after he is summoned, it is always in the power, and has been the practice of the Court, to excuse a Juror upon a proper case»
We think, therefore, that this application of Mr. Hoggi tUght to be denied.